```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TENNESSEE
               EASTERN DIVISION
```
_____

| | |
|---|---|
| MOSZELLA TYUS          ) | |
|     Plaintiff,     ) | |
| v.                     ) | No. 18-1204-TMP |
| NANCY A. BERRYHILL,    ) | |
| Acting Commissioner of Social ) | |
| Security,              ) | |
|     Defendant.     ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND,
REVERSING THE DECISION OF THE COMMISSIONER,
AND
REMANDING CASE PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**
_____

Before the court is plaintiff Moszella Tyus's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. On October 12, 2018, Tyus filed her complaint seeking the court's review. (ECF No. 1.) The Commissioner answered the complaint on January 30, 2019. (ECF No. 7.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.)

Tyus filed a brief in support of her claim on March 8, 2019. (ECF No. 10.) On April 8, 2019, the Commissioner filed a Motion to

Reverse and Remand with Suggestions in Support, requesting that the court reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 11.) Tyus has no objection to the Commissioner's motion.

According to the Commissioner:

Remand is necessary so that the ALJ can consider all properly submitted evidence. Upon remand, the Appeals Council agrees to direct the ALJ to consider the additional evidence submitted, proceed through the sequential evaluation process as needed and appropriate, offer the claimant the opportunity for a hearing, take any further action to complete the administrative record, and issue a new decision.

(ECF No. 11 at 1-2.) The Commissioner further suggests that "remand for payment of benefits is not appropriate because a court may remand for payment of benefits only when 'essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.'" (Id. at 2 (quoting Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171,176 (6th Cir. 1994)). The court hereby adopts the suggestions of the Commissioner as quoted above.

For the foregoing reasons, the Commissioner's Motion to Reverse and Remand is GRANTED, the ALJ's decision is REVERSED, and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 8, 2019
Date